**DOUGHERTY, Plaintiff-Appellee, v. FELLABAUM, Defendant-Appellant.**

Ohio Appeals, Seventh District, Trumbull County.

No. 1253.   Decided October 14, 1952.

Clarence H. Klinger, Warren, for plaintiff-appellee.
Thomas H. Madden, Jr., Warren, for defendant-apellant.

(SKEEL, PJ, HURD, J, THOMPSON, J, of the Eighth District sitting by designation in the Seventh District.)

## OPINION

By SKEEL, PJ.

This is an appeal on questions of law and fact from a judgment entered by the common pleas court of Trumbull County in favor of the plaintiff. The plaintiff in her petition alleges that she is the owner of Sublot No. 846 in the Crescent Drive Plat No. 2 Allotment as recorded in Vol. 11, page 9 of Trumbull County Records of Plats. Said Lot 846 has a frontage of 167.77 feet on the southerly side of Crescent Drive and extends back a distance of 113.6 feet along the southeasterly side, 170 feet along the northeasterly side, with a width in the rear of 90 feet.

The petition further alleges that the defendant is the owner of sublots 844 and 845 in said subdivision. The petition does not set out the dimensions of the defendant's lots, but the plat of the subdivision introduced into evidence shows that sublot No. 844 has a frontage of 90 feet on the north side of Market Street and extending back 180 feet on both the westerly and easterly sides and is 90 feet wide in the rear. This last dimension is also the rear line of the plaintiff's lot. Lot No. 845 has a frontage of 77.65 feet on the north side of Market Street and is 180 feet deep

along the west side which is also the east side of lot No. 844, the west side of said lot being 241.48 feet deep along the east side of Golf Drive the rear of said lot being 113.6 feet which is also the southeasterly side line of the plaintiff's property.

The petition further alleges that when the defendant purchased said lots they were subject of record to the following restrictive convenants pertaining to the use of the land, as were all of the other lots in said subdivision:

"2. Free or open spaces shall be left on every plot built upon, on both sides of every building erected thereon, which free spaces shall extend the full depth of the plot, and shall be in addition to and independent of any other building or any other plot. No part of any building shall encroach upon these free spaces. The aggregate width of such free spaces required on both sides of any building shall not be less than forty percent of the width of the building, nor in any case less than fifteen percent of the width of the building on any one side."

The plaintiff then alleges that the defendant is engaged in the construction of a residence on the land owned by him and that the plans call for an attached garage to be constructed within one foot of the southeast lot line of the plaintiff's property, in violation of the foregoing restrictive covenant and prays that the said defendant be enjoined from constructing any part of his residence closer than twenty feet to the plaintiff's easterly line.

It should be noted that the easterly line thus referred to is the line described in plaintiff's deed as the southeasterly side of plaintiff's lot No. 846 and is also the rear line of defendant's lot No. 845 running 113.6 feet from the intersection of Crescent and Golf Drives to the most easterly point of the rear line of plaintiff's lot No. 846 and defendant's lot No. 844, and the most northerly point of the side line between defendant's lots Nos. 844 and 845.

The defendant's answer puts in issue the plaintiff's claim that his proposed residence, as exemplified by his plans, is in violation of the restrictive covenants pleaded by the plaintiff. The defendant further alleges that the restrictions have been abandoned by reason of the fact that plaintiff and all other property owners acquiesced in its violation to such an extent that the plaintiff should now be estopped from attempting to enforce its provisions against the defendant. The defendant also claims that his motion for judgment at the end of plaintiff's case should have been granted.

This court referred the case to a special master or referee to take the evidence and report his findings of fact and conclusions of law to the court. The report of the special master is before the court together with a transcript of the evidence taken, together with certain stipulations and the exhibits that were offered into evidence by the parties.

The special master or referee found against the defendant on his claim that judgment should have been entered for him at the conclusion of plaintiff's case, by finding that plaintiff made out a prima facie case in support of her prayer for injunctive relief. While the reason given for such conclusion is in error, yet the record discloses that the defendant did not rely on his motion for judgment at the conclusion of plaintiff's

case, but proceeded with his side of the controversy, thereby accepting the overruling of his motion for judgment. For that reason we affirm the conclusion of the special master on that contention of the defendant. **Senn v. Lacker, 91 Oh Ap 83, par. 5 of syllabus:**

⁵"A defendant whose motion for a directed verdict made at the close of plaintiff's evidence is overruled and who accepts such ruling and proceeds with his defense, thereby waives any error in the ruling on the motion." (Authorities cited at page 91 of the opinion.)

The special master or referee also found against the defendant on his claim of abandonment of the restrictive covenants. With this conclusion we agree and the finding is affirmed. Whatever violations there were (4 in number) were at the extreme west end of the allotment which in no way could possibly involve the rights of the plaintiff.

The special master or referee also found that the building of defendant's residence so that the garage would come within two feet of plaintiff's property, constitutes a violation of restrictive covenants to which the defendant's land was subject and that the injunction as prayed for should be granted. With this conclusion we are not in agreement for the following reasons:

The defendant's property as set forth above, consists of two lots, both fronting on Market Street. These two lots make up the plot upon which the defendant's house is being built. Under paragraph 5 of a recorded instrument setting forth the restrictive covenants of the allotment, it is provided that where an owner uses two lots upon which to build a single house, the restrictions shall be applied as if it were one lot.

The restrictive covenant dealing with the subject of "open space" as above set forth and which is in controversy here, in part provides:

"The aggregate width of such free spaces required on both sides of any building shall not be less than forty percent of the width of the building, nor in any case less than fifteen percent of the building on any one side."

The word "sides" of the building referred to that portion of the building that faces the sides of the lot. This construction is supported by the provision of the covenant which provides "which free spaces shall extend the full depth of the plot."

It is clear, therefore, that it was intended by the restrictive covenant providing for free space that such space should be between the side line of the plot and the building. No provision is made with respect to space between either the front or the rear line of the plot and the building.

The dimensions of defendant's house, if built with the garage attached, will be about 103 feet long facing Golf Drive and about 72 feet wide facing Market Street. It is, in design, shaped like an L. The living room faces Golf Drive while the bedrooms are in the wing facing Market Street. The location of the rooms, however, can in no way affect a change in the requirements of the restrictive covenants as to free space. Such space is provided for between the side lines of the plot and the part of the building facing such side lines.

The plans show that defendant's residence is set back on the front from Market Street 100 feet, that on the east side it is more than 90

feet from the easterly side line of the plot, on the west side it is more than 35 feet from the east side of Golf Drive, and the garage as proposed will come about two feet south of the rear line. A building so located, with free space the full depth of each side line far in excess of the requirements of the covenant above quoted, does not violate the requirements thereof.

There is no provision in said covenant requiring free space between the end of the building and defendant's rear lot line and for that reason the plaintiff is not entitled to injunctive relief as prayed for.

A decree is therefore entered for defendant at plaintiff's costs for which judgment is rendered. Exceptions noted. Order see journal.

HURD, J, THOMPSON, J, concur.